09-0299-ag
Wang v. Holder

BIA
Nelson, IJ
A079 669 247

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

PRESENT:
>        ROBERT A. KATZMANN,
>        BARRINGTON D. PARKER,
>        GERARD E. LYNCH,
>                *Circuit Judges.*

_____

RONG FU WANG,
>        *Petitioner,*

>        v.                                    09-0299-ag
>                                              NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL ERIC H. HOLDER, JR.,
>        *Respondent.*

_____

**FOR PETITIONER:**     Yee Ling Poon; Robert Duk-Hwan Kim, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Carl McIntyre, Assistant Director; Steven F. Day, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Rong Fu Wang, a native and citizen of the People's Republic of China, seeks review of a December 23, 2008 order of the BIA affirming the May 11, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[*] *In re Rong Fu Wang*, No. A079 669 247 (B.I.A. Dec. 23, 2008), *aff'g* No. A079 669 247 (Immig. Ct. N.Y. City, May 11, 2007). We assume the parties' familiarity with the underlying facts

---

[*] Although Wang is challenging the denial of relief in "Asylum-Only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006).

and procedural history in this case.

When, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007).

To the extent that Wang continues to assert that he may be eligible for relief based on his fiancée's forced abortion, this Court has squarely rejected the notion that aliens are *per se* eligible for relief based on the forced sterilization of their partner. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007).

Nonetheless, an applicant may still establish his eligibility for relief by showing either past persecution or a well-founded fear of future persecution on account of his own "resistance" to China's family planning policy. 8 U.S.C.

3

§ 1101(a)(42); *see Shi Liang Lin*, 494 F.3d at 313.  Wang argues that he suffered past persecution in the form of an "onerous fine."  Although Wang correctly asserts that economic deprivation may constitute persecution, *see Mirzoyan v. Gonzales*, 457 F.3d 217 (2d Cir. 2006); *In re T-Z-*, 24 I. & N. Dec. 163, 172-73 (BIA 2007), the record evidence in this case does not indicate how the fine impacted him or his family.  *See Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (finding no economic persecution where petitioner did not present any testimony or other evidence of his income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government).  In the absence of such evidence we cannot conclude that the agency erred in finding that Wang failed to establish past persecution.

Wang also argues that he established a well-founded fear of future persecution based on his statement that Chinese officials threatened him with "some charges."  Wang, however, failed to detail how the vague threat of "some charges" establishes that he reasonably fears persecution upon return to China.  *See Jian Xing Huang v. INS*, 421 F.3d

4

125, 129 (2d Cir. 2005) (holding that, absent "solid support" in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best").

Accordingly, we find no clear error in the agency's denial of Wang's application for asylum where he failed to establish either past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42). Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal because both claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Wang does not challenge the agency's denial of his request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By_____

5